The Chief Justice
delivered the opinion of the court.
In August, 1814, Frame filed his bill against the heirs and executors of James Kenny, to obtain a conveyance or compensation in damages for 200 acres of land, part of 400 acres, which he alledges Kenny, in 1780, gave his obligation to convey to him. The other 200 acres he admits has been satisfied by a conveyance from col. James Garrard in consequence of an arrangement made by Kenny in 1794, or 1795.
In the original bill he alledges the loss of the obligation; but in amendment thereto he suggests that he has since found, amongst his papers, some mutilated fragments of it, which he exhibits.
The defendants admit no allegations of the bill material to the right of Frame, and insist upon the lapse of time as a bar to the relief sought.
The circuit court dismissed the bill, and Frame has appealed to this court.
We have no doubt that the bill was properly dismissed. The lapse of time is sufficient in itself to preclude a recovery. The fragments of the paper exhibited by Frame, contain neither the signature nor seal of Kenny; and although the parol evidence proves that the paper had once his signature annexed, it does not establish the fact that his seal was ever affixed thereto. If it were not sealed, the statute of limitations would preclude any action at law from being maintained on it after the lapse of five years; and although the words of the statute applies to actions at law only, yet as equity follows the law, a court of chancery considers itself bound by the statute, and invariably refuses its aid when, from the lapse of time, an action at law could not be maintained.
But supposing the instrument to have been sealed, and that the statute consequently did not apply, still the claim *146 is too antiquated to be sustained. The contract upon which the claim is founded, is alledged to have been made about thirty-four years before the bill was filed, and between twenty-five and thirty years of that time the parties lived in the same county, within a few miles of each other. During all that period, notwithstanding Frame labored under no disability, he appears to have made no demand of his right, and never brought suit until after the death of Kenny. One who has thus slept upon his right, cannot be entitled to the relief of a court of equity, for vigilantibus non dormientibus jura subveniunt. A claim which has lain dorment so long ought not to be resuscitated. Good policy requires that there should be an end of litigation, expedit reipublicœ ut sit finis litium.
A stale transaction of 34 years will not be aided by the chancellor.
Talbot for appellant, Bibb for appellee.
Influenced by considerations of this sort, courts of equity have uniformly refused to give relief upon such stale transactions as the present.
Decree affirmed with costs.